UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

In re:                            :

                                :            Chapter 7

       ALLEN REY,             :            Case No. 18-12809 (SMB)

                                :

               Debtor.        :

------------------------------------------------X

**MEMORANDUM DECISION AND ORDER
REGARDING THE VALIDITY OF A
PRE-PETITION FORECLOSURE SALE**

**A P P E A R A N C E S :**

KAFI HARRIS & ASSOCIATES, P.C.
*Attorneys for Debtor*
41 Hilton Avenue
Hempstead, NY 11550

       Kafi Jamila Harris, Esq.
          Of Counsel

SHELDON MAY & ASSOCIATES, P.C.
*Attorneys for Kirkland Investors, LLC*
Rockville Centre, NY

       Ted Eric May, Esq.
          Of Counsel

The debtor filed this chapter 7 case on September 17, 2018 at 2:53 p.m.  (ECF

Doc. # 1.)  His principal asset was real property located at 3426 Boller Avenue, Bronx,

New York 10475 (the "Property"), which was the subject of a foreclosure sale completed

earlier on the same day.  Schedule D valued the Property in the amount of $398,177.00,

encumbered by a mortgage, the debtor's only debt, in the approximate sum of

$600,000.00.  (*Id.* at ECF pp. 9, 11 & 23 of 65.)  Kafi Jamila Harris, Esq. of Kafi Harris

& Associates, P.C. signed the petition as the attorney for the debtor.  (*Id.* at ECF p. 8 of 65.)[1]

After several missteps, the debtor's mortgagee, Kirkland Investors LLC ("Kirkland"), filed a motion to confirm that the automatic stay did not affect the validity of the completed foreclosure sale.  (*Application for an Order Pursuant to Bankruptcy Code §§* [sic] *362(a)(4)*, dated Jan. 10, 2019 ("Motion") (ECF Doc. # 22).)  According to the affidavit of Joseph Casella, sworn to Dec. 21, 2018 and attached to the Motion, he attended the foreclosure sale on September 17, 2018, it commenced at approximately 2:00 p.m. and concluded at approximately 2:10 p.m., or roughly forty minutes *before* the petition was filed.

The debtor did not file any opposition prior to the February 7, 2019 hearing date. At that time, however, counsel appeared for the debtor and contended that the foreclosure sale was a nullity if the bankruptcy petition was filed later the same day.  I granted the debtor's attorney two weeks to file a memorandum of law in support of this argument.

Debtor's counsel failed to follow the Court's direction other than to state the conclusion, without support, that "§362(a)(4) of the Bankruptcy Code does not contain any language that states that in order for the automatic stay to come into effect a filing

---

[1]    This was not the debtor's first case.  He had filed a chapter 7 case in this Court on December 11, 2017, (*In re Allen Rey*, Case No. 17-13529 (SHL)), received a discharge on July 9, 2018, and the Clerk of the Court closed the earlier case on July 12, 2018.  Kafi Jamila Harris, Esq. also signed the debtor's petition in the earlier case.  The instant petition did not disclose the earlier case, and answered "No" in response to the question on the petition, "Have you filed for bankruptcy within the last 8 years?"  (ECF Doc. # 1, ECF p. 3 of 65.)

must occur before the sale date," (*Affirmation of Kafi Harris, Esq. in Opposition to Creditor's Application for an Order Pursuant to Bankruptcy Code § 362(a)(4)*, dated Feb. 21, 2019, at ¶ 19 (ECF Doc. # 25), and "Creditor's motion is devoid of any case law or statute that would validates [sic] Creditor's argument that the automatic stay was not in effect at the time the house was sold." (*Id.* at ¶ 20.) Counsel also challenged Kirkland's evidence that the foreclosure sale was completed before the petition was filed, stating that the supporting affidavit was submitted by an "unknown party" in an unknown capacity and contained no name, (*id.* at ¶¶ 15-17), and Kirkland failed to supply "**<u>one shred of evidence</u>** . . . to clearly show that the sale did in fact take place at 2:10 P.M. or that it was sold to a third party, as claimed in its moving papers." (*Id.* at ¶ 18 (boldface and underlining in original).) Finally, the debtor argued that even if the sale took place before the petition was filed, "the foreclosure was not effectuated considering that no transfer, whether it be through a referee's deed and agreement to sell to a third party, was done at the time of the 'sale'," (*id.* at ¶ 21), and "[w]ithout the issuance of a Referee's deed or Contract of Sale it can be said that regardless when the filing was done the sale was not effectuated and the automatic stay prevents same." (*Id.* at ¶ 23.)

In response, Kirkland argued that the opposition contained misstatements (unrelated to the issue before the Court) and the debtor had failed to cooperate with the case trustee (also unrelated to the issue before the Court). (*Affirmation in Reply to Opposition and in Further Support of Secured Creditor Kirkland Investors LLC's Application for an Order Pursuant to Bankruptcy Code §§362(a)(4)* [sic], dated Feb. 28, 2019, at ¶¶ 3-5 (ECF Doc. # 27).) More to the point, Kirkland responded that Mr.

Casella's name was signed although not printed on his December 21 affidavit, and the response included, as an Exhibit C, a second affidavit from Mr. Casella, sworn to Feb. 27, 2019, stating that he is employed as an "attender" at foreclosure sales by Nationwide Court Service, as part of his employment he attends foreclosure sales on behalf of the attorney representing Kirkland, and he confirmed that he had executed his previous December 21 affidavit.  (ECF Doc. # 27-2, ECF p. 7 of 7.)

## DISCUSSION

The owner of property subject to a foreclosure sale may redeem the property at any time prior to a foreclosure sale, but once the sale takes place, the right to redeem is extinguished as a matter of law even if a deed has not been delivered.  *Nw. Mortg., Inc. v. Brown*, 830 N.Y.S.2d 158, 159 (N.Y. App. Div. 2006) (citing authorities); *see also NYCTL-1999-1 Tr. v. 573 Jackson Ave. Realty Corp.*, 921 N.E.2d 195, 199 (N.Y. 2009) ("The equity of redemption . . . allows property owners to redeem their property by tendering the full sum at any point before the property is actually sold at a foreclosure sale."); 78 N.Y. JUR. 2D *Mortgages & Deeds of Trust* § 413 (2013).  If the right to redeem has been lost pre-petition through a foreclosure sale, the property is no longer property of the estate under 11 U.S.C. § 541(a)(1) even though the debtor may retain bare legal title until the deed is delivered.  *Rodgers v. Cty. of Monroe* (*In re Rodgers*), 333 F.3d 64, 68-69 (2d Cir. 2003).  The pertinent provisions of the automatic stay only prevent interference with property of the estate after the petition is filed, *see* 11 U.S.C. § 362(a)(3), (4), and the automatic stay does not preclude the ministerial act of delivering the deed.  *In re Rodgers*, 333 F.3d at 69.

*In re Butchman*, 4 B.R. 379 (Bankr. S.D.N.Y. 1980), cited by the *Rodgers* Court, is directly on point. There, the foreclosure sale took place at 10:05 a.m. but the Bankruptcy Court did not receive the debtors' chapter 13 petition until 12:04 p.m., two hours later. At that point, the deed had not yet been delivered to the purchaser. *Id.* at 380. The mortgagee moved to dismiss the chapter 13 case arguing that the automatic stay did not affect the sale which removed the property from the jurisdiction of the Bankruptcy Court. After first ruling that the debtors' legal and equitable rights were determined under New York law, the Court concluded:

> It is settled law in New York that a valid judgment and sale in a mortgage foreclosure action entitle the purchaser at the sale to receive a deed to the premises upon compliance with the terms of the sale and that the mortgagor has no right to redeem the premises after the sale but before the purchaser has received a deed. . . . Thus, the foreclosure sale effectively cut off the debtors' legal title or equity of redemption in the mortgaged premises. The only property of the estate for purposes of Code [§] 541 that may be considered within the aegis of this court consists of whatever right the debtors might have had with respect to the surplus remaining after the disposition of the mortgaged premises upon the completion of the foreclosure sale. . . .
>
> When a debtor's legal and equitable interests in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow.

*Id.* at 380-81 (internal citations omitted); *accord Darnley v. Ameriquest Mortg. Co.*, No. 06-CV-4265 (DLI), 2010 WL 118143, at *2-3 (E.D.N.Y. Jan. 8, 2010).

The being well-settled, the only question presented by the Motion is a factual one: did the foreclosure sale occur prior to the filing of the petition that triggered the automatic stay? Contrary to the debtor's assertion that Kirkland did not provide "one shred of evidence," Kirkland adduced the affidavit testimony of a fact witness, Mr. Casella, who attended the foreclosure sale and testified based on personal knowledge

that the sale was completed by approximately 2:10 p.m., or approximately forty minutes before the petition was filed.  The debtor never filed timely opposition to Mr. Casella's affidavit, never sought to take his deposition, never offered any evidence to controvert Mr. Casella's testimony and never suggested that any such evidence existed. Accordingly, the Court concludes that the filing of the petition and the triggering of the automatic stay did not affect the validity of the pre-petition foreclosure sale or prevent the delivery of the deed post-petition.

So ordered.

Dated:  New York, New York
            March 6, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge